J-S64026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAMELA SMALLIS, | |
| Appellant | No. 562 WDA 2014 |

Appeal from the PCRA Order Entered March 10, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015152-2012

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 22, 2014**

Appellant, Pamela Smallis, appeals from the trial court's March 10, 2014 order dismissing her petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On August 7, 2013, Appellant entered a negotiated guilty plea to the crimes of possessing child pornography, production of child pornography, endangering the welfare of children, and corruption of minors. In accordance with her plea agreement, Appellant was sentenced to an aggregate term of 2 to 4 years' incarceration, followed by three years' probation. Her sentence was imposed to run consecutively to a 2 to 4 year term of imprisonment imposed in an unrelated case. Appellant did not file post-sentence motions or a direct appeal. Her plea counsel subsequently

filed a petition to withdraw, which was granted. The court then appointed the Allegheny County Public Defender's Officer to represent Appellant.

On December 13, 2013, Appellant's newly-appointed counsel filed a timely PCRA petition on her behalf, arguing that Appellant's "plea counsel was ineffective for failing to adequately advise [Appellant] about her post-sentence rights," and for not "filing a post-sentence motion or a direct appeal on her behalf, or withdrawing in a timely manner so post-sentence counsel could be appointed in order to preserve these rights." PCRA Petition, 12/13/13, at 6 (unnecessary capitalization omitted).[1] On February 12, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not respond to that notice, and on March 10, 2014, the court issued an order dismissing her petition.

Appellant filed a timely notice of appeal, as well a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, she presents one issue for our review:

> I. Did the PCRA court abuse its discretion by dismissing the PCRA petition without an evidentiary hearing since the petition presented factual issues that could not be resolved without a hearing, such as the claims that plea counsel was ineffective for failing to adequately advise [] Appellant about her post-sentence and appellate rights, for failing to file a post-sentence motion or direct appeal, and for failing to withdraw from her case in a

_____

[1] Appellant raised a second issue involving plea counsel's ineffectiveness in her PCRA petition, which we need not address because she has abandoned that claim on appeal.

timely manner so counsel could be appointed to preserve these rights?

Appellant's Brief at 12 (unnecessary capitalization omitted).

Initially, we note that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)).

> Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008) (citing *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)); Pa.R.Crim.P. 907(2). A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citation omitted).

*Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008).

Additionally, where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed

- 3 -

ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

In this case, while Appellant states only one issue for our review, she argues several distinct claims that we will address in turn. First, Appellant contends that her plea counsel was ineffective for not "adequately advis[ing]" her about her post-sentence rights. Appellant's brief at 18. It is not clear whether Appellant is contending that plea counsel did not inform her of her post-sentence rights at all, or that counsel discussed those rights in an incorrect or misleading manner. Because Appellant did not state in her petition – and does not discuss on appeal – anything *specific* that counsel told her about her post-sentence rights, we assume Appellant is claiming that counsel did not discuss those rights with her at all. The PCRA court also interpreted Appellant's claim in this manner, and rejected it for the following reasons:

The record clearly reflects that [Appellant] was advised of her post-sentence rights and that she understood those rights. She was informed of these rights when she entered her guilty plea. In addition to an 11 page Guilty Plea Explanation of Rights colloquy which Appellant completed (indicating, *inter alia*, that

[she] understood [her] post-sentence and appellate rights and was satisfied with the performance of counsel),[2] this Court conducted a verbal colloquy with Appellant to ensure that Appellant fully understood her post-sentence and appellate rights. Appellant was made aware in the written colloquy that she had ten days after the date of the sentencing to file a post-sentence motion with the [c]ourt and in what instances she had the right to file this motion. (Guilty Plea Explanation of Defendant's Rights at 7). She was also made aware that if a post-sentence motion [were] denied by this [c]ourt, she would receive a court order advising her of her appellate rights. *Id.* at 8. Appellant was further asked if anyone forced her into the plea agreement and if she was satisfied with her attorney. *Id.* at 9-10. Appellant's initials next to each question along with her signature at the conclusion of the colloquy demonstrate that Appellant was both aware [of] and understood her post-sentence and appellate rights.

_____

[2] This [c]ourt reviewed the written colloquy with Appellant to insure that she had read it, had discussed it with counsel and understood it[,] then incorporated it into the record. (TT 6-7).

PCRA Court Opinion (PCO), 1/17/14, at 3-4.

The record supports the PCRA court's determination that Appellant was sufficiently advised of her post-sentence rights in the Guilty Plea Explanation of Defendant's Rights form, and orally by the court at the plea/sentencing hearing. Appellant does not challenge the validity of these colloquies or the accuracy of the information provided to her by the court. Therefore, even accepting as true Appellant's claim that plea counsel did not *also* advise her of these rights, it is obvious from the existing record that she was not prejudiced by that omission. As such, we agree with the PCRA court that there was no need to examine this issue further at a PCRA hearing.

Next, Appellant contends that her plea counsel was ineffective for failing to file a post-sentence motion to withdraw her plea. Initially, Appellant does not claim that she requested counsel to file such a motion, or provide any basis on which counsel should have done so. With no explanation from Appellant about what issue(s) counsel should have raised in a post-sentence motion, she has not demonstrated that she was prejudiced by counsel's conduct. Therefore, the PCRA court did not err in determining that there were no genuine issues of material fact warranting a hearing on this claim.

Appellant also asserts that plea counsel ineffectively failed to file a direct appeal on her behalf. This Court has stated: "[B]efore a court will find ineffectiveness for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and counsel disregarded that request." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citing ***Commonwealth v. Bath***, 907 A.2d 619 (Pa. Super. 2006)); ***see also Commonwealth v. Lantzy***, 736 A.2d 564 (Pa. 1999) (holding that "where there is an unjustified failure to file a **requested** direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, … and constitutes prejudice for purposes of [42 Pa.C.S. §] 9543(a)(2)(ii)) (emphasis added).

Here, at no point in Appellant's PCRA petition did she state that she *asked* counsel to file a direct appeal on her behalf. Instead, she argued that it was counsel's duty to consult with her about filing an appeal, which

counsel failed to do. *See* PCRA Petition at 11. Appellant reiterates this argument in her appellate brief, citing in support the United States Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). There, the Court held "[t]hat counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Appellant has failed to prove that *Flores-Ortega* applies in this case. She does not state that she informed counsel of her desire to appeal, or discuss any way in which such a desire was 'reasonably demonstrated.' Moreover, Appellant does not explain why counsel should have had reason to believe a rational defendant in Appellant's position would *want* to file an appeal. Indeed, the record does not support such a conclusion. As the PCRA court points out, "Appellant pled guilty to a negotiated plea and was sentenced in accordance with the plea agreement." PCO at 5. There is nothing in the record indicating any error or invalidity in the plea or sentencing proceedings. Accordingly, Appellant has failed to convince us that she presented a genuine issue of material fact warranting an evidentiary hearing on this claim.

Finally, Appellant argues that counsel was ineffective for not seeking to withdraw "in a timely manner so post-sentence counsel could be appointed in time to preserve her post-sentence rights." Appellant's Brief at 18. In

her PCRA petition, Appellant did not explain what issue(s) her newly-appointed counsel could have raised in a post-sentence motion had plea counsel withdrawn in a timely fashion. Moreover, even assuming that newly-appointed counsel would have filed a post-sentence motion to withdraw Appellant's plea, Appellant again offered no explanation of what argument(s) counsel could have raised in such a motion. Accordingly, she did not demonstrate that she suffered prejudice due to plea counsel's failure to withdraw earlier.

For the above stated reasons, it is apparent from the record and Appellant's PCRA petition that she failed to plead sufficient facts in support of her claims of plea counsel's ineffectiveness to warrant an evidentiary hearing. Therefore, the PCRA court did not err in denying her petition without a hearing.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2014