J-S05004-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SEAN D. GREENE, | : | |
| | : | |
| Appellant | : | No. 1505 WDA 2013 |

Appeal from the PCRA Order August 28, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0015507-2006

BEFORE:  DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MARCH 18, 2015**

Sean D. Greene ("Greene") appeals from the order of court denying his petition filed pursuant to pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

In 2009, Greene was convicted of third-degree murder and carrying a firearm without a license and sentenced to twenty-three and a half to forty-seven years of imprisonment.  This Court affirmed his judgment of sentence in March 2012 and the Pennsylvania Supreme Court denied Greene's petition for allowance of appeal in October of the same year.

On June 14, 2013, Greene filed a timely *pro se* PCRA petition.[1]  The PCRA court appointed Robert S. Carey, Jr., Esquire ("Counsel") to represent

---

[1]  In this petition, Greene raised eight issues.  These issues included, of relevance here, the claim that counsel on direct appeal was ineffective for raising the issue of whether the Commonwealth presented sufficient

Greene. On July 30, 2013, Counsel filed a "no merit" letter and a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On August 14, 2013, the PCRA court issued its notice of intent to dismiss Greene's PCRA petition pursuant to Pa.R.Crim.P. 907 ("Rule 907") and permitted Counsel to withdraw. On the same day, the trial court received Greene's *pro se* response to Counsel's **Tuner/Finley** letter and brief.[2] Greene did not file a response to the Rule 907 notice. The PCRA court denied the PCRA petition on August 28, 2013.[3] Greene filed a timely

_____

evidence to overcome his assertion of self-defense in the Pa.R.A.P. 1925(b) statement but not presenting argument on this issue in his brief on appeal. PCRA Petition, 6/14/13, at 6.

[2] This is the date the lower court received Greene's response to the **Turner/Finley** letter. There is no certificate of service or other indicia of when Greene gave his response to prison officials for mailing so as to allow us to determine an earlier date for its filing. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (holding that the prisoner mailbox rule provides that a pro se prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing).

In his response, Greene alleged only that Counsel misunderstood the testimony of a particular witness in Counsel's **Turner/Finley** analysis of an issue Greene raised in his *pro se* PCRA petition and set forth his interpretation of that testimony; restated two of the issues he raised in his *pro se* PCRA petition; and seemingly conceded an issue he raised in his PCRA petition regarding the violation of a constitutional right due to a faulty jury instruction. Response to Counsel's No-Merit Letter, 8/14/13, at 1-2.

[3] Although not raised by Greene, we will address the trial court's apparent violation of Rule 907. Pennsylvania Rule of Criminal Procedure 907(1) provides that "[t]he defendant may respond to the proposed dismissal within 20 days of the date of the notice." Pa.R.Crim.P. 907(1). Here, the trial

J-S05004-15

appeal.[4] The PCRA court did not order the filing of a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and in lieu of an opinion, the PCRA court filed an order indicating that its reasons for denying

_____

court dismissed Greene's petition only fourteen days after the date of the notice. This Court has previously held that the notice requirement contained in Rule 907(1) is mandatory. *See Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa. Super. 2000) (noting that the 20-day notice of intent to dismiss contained in Pa.R.Crim.P. 1507 (the precursor to Rule 907) is mandatory). Nonetheless, our courts have held that in instances where a PCRA petitioner does not receive this notice but is afforded the opportunity to respond to the PCRA court's proposed grounds for dismissal, the notice requirement of Rule 907 is met and a PCRA court will not be found to have erred in dismissing the PCRA petition. *Commonwealth v. Albrecht*, 554 Pa. 31, 63-64; 720 A.2d 693, 710 (1998); *Commonwealth v. Barbosa*, 819 A.2d 81, 86 n.4 (Pa. Super. 2003).

This case is similar in that although the trial court did not wait the full twenty days before dismissing Greene's petition, Greene was afforded, and exercised, the opportunity to respond to Counsel's conclusion that the petition was frivolous. In his motion seeking to withdraw, Counsel addressed the issues raised by Greene in his *pro se* PCRA petition and discussed why they lack merit. He also attached a copy of his letter to Greene enclosing his motion, which also advised Greene of his right to proceed *pro se* or with private counsel. In its notice of intent to dismiss Greene's petition, the PCRA court agreed with Counsel's reasoning as to why the issues Greene sought to raise lacked merit. Notice of Intent to Dismiss, 8/14/13, at 1. On the same date, Greene filed his response to Counsel's motion seeking to withdraw, addressing Counsel's analysis of the issues he sought to raise in his PCRA petition. Accordingly, in responding to Counsel's motion, Woods responded to the grounds upon which the PCRA court proposed to dismiss his PCRA petition. Thus, pursuant to *Albrecht* and *Barbosa*, Greene was afforded the protection provided by the notice requirement of Rule 907, despite the fact that the trial court did not wait the full twenty days before dismissing the petition. We further note again that Greene did not raise – in the trial court or on appeal - the claim that he that he intended to file a response to the Rule 907 notice.

[4] New counsel, Patrick K. Nightingale, Esquire, was appointed to represent Greene on appeal. *See* PCRA Court Order, 12/16/13.

- 3 -

Greene's PCRA petition were set forth in its Rule 907 notice. PCRA Court Opinion, 2/27/14.

On appeal, Greene argues that PCRA counsel was ineffective for failing to raise appellate counsel's failure to raise challenges to the sufficiency of the evidence regarding Greene's assertions of self-defense and imperfect self-defense at trial. Greene's Brief at 15, 18. A claim of PCRA counsel's ineffectiveness cannot be raised for the first time on appeal; rather, a petitioner must raise such allegations in an amended PCRA petition or in a response to the PCRA court's Rule 907 notice. *Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009); *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014). A review of the response Greene filed to Counsel's *Turner/Finley* letter reveals that he did not raise any claim of PCRA counsel's ineffectiveness, and, as stated above, Greene did not file an additional response or amended PCRA petition after receiving the PCRA court's Rule 907 notice. Accordingly, we are compelled to conclude that Greene has waived the issues he seeks to have us review regarding PCRA counsel's alleged ineffectiveness.

Order affirmed.

Stabile, J. joins the Memorandum.

Shogan, J. files a Dissenting Memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2015