J-S05004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN D. GREENE, | |
| Appellant | No. 1505 WDA 2013 |

Appeal from the PCRA Order August 28, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015507-2006

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

DISSENTING MEMORANDUM BY SHOGAN, J.:         **FILED MARCH 18, 2015**

After careful review, I respectfully disagree with the Majority's conclusion that, despite the PCRA court's failure to comply with the notice requirements of Pa.R.Crim.P. 907, Appellant received the protection afforded by Rule 907.  Thus, I would vacate the PCRA court's order and remand.

The notice requirement contained in Rule 907 is mandatory. ***Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa. Super. 2000).  Rule 907 reads, in relevant part, as follows:

> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s).  If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.  The defendant may

> respond to the proposed dismissal within 20 days of the date of the notice. The judge **thereafter shall** order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1) (emphasis supplied). Clearly, Rule 907(1) refers to a petitioner having twenty days in which to file a response to the PCRA court's notice of intent to dismiss—not to counsel's *Turner*/*Finley* documents.

Here, the PCRA court's notice of intent to dismiss appeared on the docket on August 14, 2013. On the same day, the trial court received Appellant's response to counsel's *Turner*/*Finley* documentation. Despite the twenty-day requirement of Rule 907, the PCRA court's order denying Appellant's PCRA petition appeared on the docket on August 28, 2013, only fourteen days after the date of the Rule 907 notice. Appellant did not file a response to the PCRA court's Rule 907 notice in that two-week period.

Using hindsight, the Majority concludes that Appellant "was afforded the protection provided by the notice requirement of Rule 907" because "in responding to Counsel's motion, [Appellant] responded to the grounds upon which the PCRA court proposed to dismiss his PCRA petition." Majority at n.3. In support of its conclusion, the Majority relies on *Commonwealth v. Albrecht*, 720 A.2d 693 (Pa. 1998), and *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003). However, its reliance on those cases is misplaced. Before the PCRA court dismissed the petitions in *Albrecht* and *Barbosa*, each of the petitioners was afforded

both further proceedings **and** an opportunity to present argument in support of his petition. **Albrecht**, 720 A.2d at 710; **Barbosa**, 819 A.2d at 86 n.4.

Appellant here did not receive the full twenty days in which to respond to the PCRA court's notice, further proceedings, or an opportunity to present argument. Therefore, I would vacate the PCRA court's order and remand, allowing Appellant at least the additional six days in which to file a response to the PCRA court's proposed grounds for dismissal, as well as any claims related to PCRA counsel's representation. **See Commonwealth v. Pitts**, 981 A.2d 875, 880 n.4 (Pa. 2009) (instructing that petitioner may challenge PCRA counsel's stewardship after receiving counsel's withdrawal letter and notice of PCRA court's intent to dismiss ); **Commonwealth v. Henkel**, 90 A.3d 16 (Pa. Super. 2014) (summarizing case law on raising claims of PCRA counsel's ineffectiveness).