J. S27036/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
              Appellee :
:
           v. :
:
GREGORY WEEDON, :
:
              Appellant : No. 2430 EDA 2014

Appeal from the PCRA Order March 20, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0004036-2009
CP-51-CR-0004037-2009
CP-51-CR-0013881-2010
CP-51-CR-0004033-2009

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED JULY 21, 2015**

Appellant, Gregory Weedon, appeals from the order entered in the Philadelphia County Court of Common Pleas dismissing for lack of merit his petition for relief filed pursuant to the Post Conviction Relief Act[1] ("PCRA"). Appellant argues his plea counsel was ineffective for inducing his involuntary guilty plea and the PCRA court erred in not holding an evidentiary hearing. We affirm.

On December 13, 2010, Appellant appeared before the trial court on

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

four cases, entered a negotiated guilty plea, and immediately received sentence. At docket CP-51-CR-0004033-2009 ("4033-2009"), Appellant pleaded guilty to attempted murder[2] and persons not to possess firearms.[3] N.T., 12/13/10, at 22. The charges arose on September 2, 2008. As Anthony Reed ran from the sound of gunshots, a bullet struck him in the back. While Reed did not see his assailant, the police obtained two casings from the scene and submitted them to the police crime lab for analysis. PCRA Ct. Op., 9/22/14, at 1. Appellant received a sentence of ten to twenty years' imprisonment for attempted murder and a consecutive ten years' probation for the firearm charge. N.T. at 28.

At dockets CP-51-CR-0004034 ("4034-2009"), CP-51-CR-0004035 ("4035-2009"), and CP-51-CR-0004036-2009 ("4036-2009"), Appellant pleaded guilty to one charge of persons not to possess a firearm and four counts of simple assault.[4] N.T. at 23. Appellant's brother was in an argument with three neighbors outside a row home on October 1, 2008. Appellant arrived and threatened the neighbors while waving a black handgun. The neighbors retreated to their home and called the police, reporting Appellant; they knew Appellant "by face from the neighborhood." PCRA Ct. Op. at 1-2. Appellant received ten years' probation for the firearm

---

[2] 18 Pa.C.S. §§ 901(a), 2502.

[3] 18 Pa.C.S. § 6105(a)(1).

[4] 18 Pa.C.S. § 2701(a).

charge, to be served concurrently with the above probationary sentence.[5] N.T. at 29.

At docket CP-51-CR-0004037-2009, Appellant pleaded guilty to persons not to possess a firearm and two counts of aggravated assault.[6] *Id.* at 23. Two police officers bearing an arrest warrant went to a bar searching for Appellant on October 9, 2008. When the officers asked him to step outside, Appellant attempted to rush past the officers, striking one in the chest. During the confrontation, Appellant pulled out a black, loaded .40 caliber handgun from his own waistband. The officers knocked the weapon from Appellant's hand, but he grabbed it once more before he was subdued. One of the officers suffered a strained meniscus and a fractured bone in his right wrist and missed three months of work. The police crime lab later matched the casings found on September 2 with the gun taken from Appellant. *Id.* at 2. Appellant received ten to twenty years' imprisonment and ten years' probation, both to be served concurrently with the sentences at 4033-2009. N.T. at 29-30.

At docket CP-51-CR-0013881-2010 ("13881-2010"), Appellant pleaded guilty to aggravated assault. N.T. at 23-24. Incarcerated and awaiting trial, Appellant had intervened in a fight between two other inmates on August 21, 2010. As a corrections officer was attempting to place one of the

---

[5] There was no penalty on the simple assault charges.

[6] 18 Pa.C.S. § 2702(a).

original instigators in a holding cell, Appellant pushed the officer to the ground from behind. Appellant and the two other inmates then fell on top of her, causing the officer back pain and a swollen knee. *Id.* at 2-3. Appellant was sentenced to ten to twenty years' incarceration, to be served concurrently with his first incarceration sentence. Court Commitment, 12/13/10.

At the plea hearing, the Commonwealth stated that it "would have contended" the "shooting of Anthony Reed" and "the aggravated assault charges on the police officers" were "second strike case[s[7]] based upon the adjudication for aggravated assault, F-1, that [Appellant] already has."[8] N.T. at 24. The Commonwealth further contended Appellant "wanted to take a package deal[.]" *Id.* at 24-25. No direct appeal was filed.[9]

---

[7] At various points of the plea hearing, the Commonwealth stated that Appellant had "a prior record score of four," "an aggravated assault . . . and possession of an instrument of crime adjudication as a juvenile," as well as a "prior record conviction [that] made [him] ineligible to have a firearm." N.T. at 4, 16, 19. However, the certified record does not provide any more information about a prior adjudication or conviction.

[8] 42 Pa.C.S. § 9714(a)(1) ("Any person who is convicted . . . of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement . . . .").

[9] There is reference within the trial court opinion, Appellant's brief, and the trial court criminal docket that Appellant filed a motion for reconsideration of sentence in docket 4033-2009. However, there is no such motion within the certified record.

Appellant filed a timely *pro se* PCRA petition on May 17, 2011. Current counsel was appointed on January 1, 2012, and submitted an amended PCRA petition on November 14, 2012. The Commonwealth filed a motion to dismiss the PCRA petition on May 8, 2013.[10] On February 20, 2014, the PCRA court issued a twenty-day notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. One month later, on March 20th, the court formally dismissed the amended PCRA petition. Appellant filed a timely notice of appeal on April 4th and a timely court-ordered Pa.R.A.P. 1925(b) statement[11] on June 11th.

Appellant raises the following issues for our review, reproduced verbatim:

> I. Whether the Judge was in error in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.
>
> II. Whether the Judge was in error in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 8.

Appellant contends that he maintained his innocence to his plea counsel. *Id.* at 18. He avers, "However, due to the inducing acts and

---

[10] "During the pending of the PCRA court proceedings, Judge [Thomas] Dempsey passed and the case was" assigned to Judge Ramy Djerassi. PCRA Ct. Op. at 3.

[11] We note the PCRA court states the 1925(b) statement was ordered on June 2, 2014. However, the filing stamp on the order reflects it was issued on May 21, 2014.

coercive acts of counsel upon . . . Appellant, he was unlawfully induced to plead guilty to a charge based upon facts to which he did not consent." *Id.* at 18-19. Appellant alleges counsel had no reasonable basis to coerce him to plead guilty "especially when there was an excellent defense available." *Id.* at 20-21. Appellant further

> contends he was promised by his attorney that on Bill CP-51-CR[-]0013881-2010, aggravated assault, felony of the second degree, that the sentence would be [two to four] years to run concurrently with his other cases he was pleading guilty to. He later found out from the prison that the sentence was running consecutively and thus his guilty plea was not valid.

*Id.* at 17. Appellant also asserts the PCRA court erred in not conducting "an evidentiary hearing to provide the forum to demonstrate such manifest injustice." *Id.* at 16. We find no relief is due.

> Under [the Pennsylvania Supreme Court's] standard of review for an appeal from the denial of PCRA relief, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations are binding on [the Supreme Court] when they are supported by the record. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (citations omitted).

To succeed on an ineffectiveness of counsel claim, a petitioner must show: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his . . . action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." *Id.* A failure to

satisfy one or all of the requirements will result in the rejection of his ineffectiveness of counsel claim. *Id.* at 1128. There is a presumption that counsel is effective and the burden is upon the petitioner to show otherwise. *Id.* at 1127.

The PCRA provides relief when "[a] plea of guilty [is] unlawfully induced [and] where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). "[A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary and unknowing plea." *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa. Super. 2010) (citation omitted). A petitioner is bound by statements he made under oath in a plea colloquy, and may not "assert grounds for withdrawing the plea which contradict the statements." *Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013). "Once the defendant has entered a guilty plea, 'it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him.'" *Id.* at 1002.

There is no absolute right to an evidentiary hearing on a PCRA petition. *Commonwealth v. Barbosa*, 819 A.2d 81, 85 (Pa. Super. 2003); *see also* Pa.R.Crim.P 907(1). A court may not summarily dismiss a petition "when the facts alleged in the petition, if proven, would entitle the petitioner to relief." *Barbosa*, 819 A.2d at 85. "The PCRA court has the discretion to

dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact.'" ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013), *cert. denied*, 135 S. Ct. 56 (2014).

Instantly, the PCRA court found no merit to Appellant's claim that plea counsel caused him to enter a guilty plea based on wrong advice. PCRA Ct. Op. at 4-5. The court stated, "At the plea hearing, both the Commonwealth attorney and the Court were clear that the negotiated guilty plea was a 'package deal' involving ten to twenty years of incarceration followed by ten years of probation for each charge, and each sentence would run concurrently." ***Id.*** at 5. We agree.

First, we find no merit to Appellant's claim that plea counsel promised a sentence of two to four years at docket 13881-2010. ***See*** Appellant's Brief at 17. At the plea hearing, the Commonwealth first stated it had

> offered in what in layman's terms could be called a package deal. In exchange for [Appellant's] acceptance or responsibility to all of these cases, we would recommend that the Court impose a sentence of ten to 20 years' incarceration with a consecutive ten years' probation[.]

N.T. at 4. The court addressed Appellant:

> THE COURT: [Appellant], as I think [the Commonwealth] has stated, the terms of the incarceration is going to be ten to 20 years and that I understand would be followed by ten years' probation?
>
> [The Commonwealth:] That's correct.

***Id.*** The court then advised Appellant, and Appellant responded, as follows:

> THE COURT: In terms of the voluntariness, we know

what the basic terms are of your negotiated plea, the ten to 20 years followed by ten years' probation. Other than that, have any force or any promises been made to you to get you to give up your right to a jury trial and to plead guilty today?

[Appellant:] No.

*Id.* at 8. The foregoing establish that Appellant acknowledged the ten-to-twenty-year sentence and stated no other promises were made to him. Appellant is bound to these statements and cannot now aver there was another promise made by plea counsel. *See Willis*, 74 A.3d at 202.

Furthermore, the PCRA reasoned, "[Appellant's] claim is nonsense; he was promised a concurrent sentence incorporating all of his consolidated cases, and this is exactly what [the court] delivered." PCRA Ct. Op. at 4. We agree. Appellant's claim that prison officials informed him "that the sentence was running consecutively" is meritless. *See* Appellant's Brief at 17.

We further reject Appellant's claim that plea counsel was ineffective by inducing him to enter an involuntary guilty plea despite his claims of innocence. In his colloquy at the plea hearing, Appellant averred the Commonwealth "went over the guilty plea forms with" him, he spoke with his plea counsel, and that he understood he was entitled to a jury trial, twelve jurors would have to be unanimous in finding guilt or no guilt, and that in pleading guilty, any direct appeal issues would be limited. N.T. at 5-7. The Commonwealth then stated on the record the alleged facts of each

case, and Appellant pleaded guilty. *Id.* at 9-24. Appellant has failed to show plea counsel unlawfully induced his plea. *See Anderson*, 995 A.2d at 1192.

Finally, the PCRA court found, "[B]ecause there are no genuine issues of material fact [and] there was no need for an evidentiary hearing." PCRA Ct. Op. at 4. We find no error, as Appellant has not alleged any question of material fact and no relief is due. *See Roney*, 79 A.3d at 604.

Accordingly, we affirm the order dismissing the PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015

- 10 -