J. S30025/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
              v.                  :
                                              :
DEMETRIOUS WASHINGTON,      :        No. 2291 EDA 2015
                                              :
           Appellant      :


Appeal from the PCRA Order, June 29,2015,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0005675-2013


BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED MAY 11, 2016**

Demetrious Washington appeals from the June 29, 2015 order of the
Court of Common Pleas of Montgomery County dismissing his first petition
filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.
§§ 9541-9546, without a hearing.  We affirm.

The PCRA court provided the following factual and procedural history:

> [Appellant] pleaded guilty on January 28,
> 2014, to four counts of robbery,[1] graded as
> felonies of the first degree.  He admitted that
> between May 28, 2013, and July 10, 2013, he
> participated in four bank robberies in Montgomery
> County using a fake gun that placed four bank
> employees in fear of serious bodily injury.  He
> received an agreed-upon sentence of six-and-one-
> half to seventeen years in prison on each count, set
> to run concurrent to each other.

---

[1] 18 Pa.C.S.A. § 3701.

[Appellant] did not file a post-sentence motion or a direct appeal. His judgment of sentence, thus, became final on or about February 28, 2014.

On December 26, 2014, [appellant] filed a *pro se* petition under the Post Conviction Relief Act. He claimed that plea counsel[2] was ineffective for allegedly leading him to believe that his concurrent sentences in this case would be run concurrently to a sentence in Lycoming County. No mention was made at the guilty plea hearing of a Lycoming County sentence and the aggregate sentence imposed here was not run concurrently to any out-of-county sentence.

This court appointed Francis M. Walsh, Esquire[,] ("PCRA counsel") to represent [appellant]. On April 22, 2015, PCRA counsel filed an amended petition on behalf of [appellant], asserting that plea counsel had been ineffective for failing to advise [appellant] on the record at the guilty plea hearing of the elements of the robbery offenses to which he was pleading guilty and the maximum penalties [appellant] faced. On May 13, 2015, the Commonwealth filed an answer and motion to dismiss the PCRA petition.

After reviewing the amended petition, the Commonwealth's response and the record, this court issued a notice of intent to dismiss without a hearing. [Appellant], through PCRA counsel, responded to the notice. After reviewing the arguments contained in [appellant's] response, and concluding they did not compel a different conclusion, this court entered a final order of dismissal. [Appellant], through PCRA counsel, filed a notice of appeal and subsequently complied with this court's directive to produce a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b).

---

[2] Assistant Public Defender Keith A. Harbison represented appellant at the guilty plea and sentencing hearing.

PCRA court opinion, 9/16/15 at 1-2 (footnote omitted).

Appellant raises the following issue for our review:

> Did the trial court err in dismissing the amended Post-Conviction Relief Act petition without a hearing where appellant's amended Post-Conviction Relief Act petition established arguable merit that appellant's trial counsel was ineffective because the appellant's plea was unintelligible, and involuntary since neither the elements of the offense of a felony one robbery, nor the maximum penalties were placed on the record during the oral colloquy nor were they contained in the written colloquy that was submitted at the time of the guilty plea?

Appellant's brief at 3 (capitalization omitted).

PCRA petitions invoking ineffective assistance of counsel during guilty plea proceedings are subject to the following standard of review:

> "On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Abu-Jamal***, 574 Pa. 724, 731, 833 A.2d 719, 723 (2003). We review allegations of counsel's ineffectiveness in connection with a guilty plea under the following standards:
>
>> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, ***see generally Commonwealth v. Kimball***, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999), under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. ***See***, ***e.g.***, [***Commonwealth v.***] ***Allen***, 557

Pa. [135,] 144, 732 A.2d [582,] 587 [(1999)] ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea."). . . .

*Commonwealth v. Flanagan*, 578 Pa. 587, 608-09, 854 A.2d 489, 502 (2004). This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea. *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super. 2003). Furthermore,

[T]he constitutional ineffectiveness standard requires the defendant to rebut the presumption of professional competence by demonstrating that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. (Michael) Pierce*, 567 Pa. 186, 786 A.2d 203, 213 (2001); *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (1999). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

*Commonwealth v. Gribble*, 580 Pa. 647, 657, 863 A.2d 455, 460 (2004).

*Commonwealth v. Morrison*, 878 A.2d 102, 104-105 (Pa.Super. 2005)

(*en banc*), *appeal denied*, 887 A.2d 1241 (Pa. 2005).

Specifically, appellant avers that the written and oral colloquies did not "describe the nature of the charge of robbery nor do they explain the maximum sentences that [appellant] could have received for four (4) robberies." (Appellant's brief at 11.) We first address whether appellant's claim has arguable merit pursuant to the first prong under *Pierce*. In order to do so, we must determine whether appellant established that a manifest injustice has taken place.

We find *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa.Super. 2003), to be instructive because the instant case, like *Barbosa*, involves a negotiated plea agreement with regards to sentencing. (Notes of testimony, 1/28/14 at 12; appellant's brief at 4.) The *Barbosa* court held,

> that if a defendant who entered a negotiated guilty plea was either misinformed or not informed as to the maximum possible sentence he could receive if he went to trial, **and the misinformation or lack of information was material to his decision to accept the negotiated plea**, then manifest injustice is established and the plea may be withdrawn.

*Id.* at 82 (emphasis added). The court also held that a failure to notify a defendant of the possible maximum sentence in a negotiated plea agreement case would only be considered grounds to withdraw the plea if the defendant's lack of knowledge as to the maximum sentence played a material role in the defendant's decision to accept the plea. *Id.* at 86.

The record reflects appellant had knowledge of the maximum sentences associated with each count, as demonstrated by the following colloquy:

> [BY THE COURT:]
>
> Q: Okay. Has your attorney explained to you each and every element of the crimes you are pleading guilty to today, sir?
>
> A: Yes.
>
> Q: Okay. And I think you are pleading guilty, as I understand, to Counts 9, 10, 11 and 12, is that correct, of this Bill of Information?
>
> [DEFENSE COUNSEL]: Yes.
>
> THE COURT: Okay. And they are all robbery in fear of serious bodily injury, each one?
>
> [DEFENSE COUNSEL]: Correct.
>
> THE DEFENDANT: Yes.
>
> BY THE COURT:
>
> Q: And they are all felonies of the first degree?
>
> A: Yes.
>
> Q: Did your counsel explain to you the maximum period of incarceration and/or fines you are exposed to on each one of those counts?
>
> A: Yes.
>
> Q: And did he explain to you each of the elements that the Commonwealth would have to prove beyond a reasonable doubt before you could be convicted?

A:     Yes.

Q:     Knowing that, do you still wish to plead guilty?

A:     Yes.

Notes of testimony, 1/28/14 at 7-8.

We, therefore, find that the record belies appellant's claim. Additionally, appellant never avers that Attorney Harbison's alleged off-the-record recitation as to the maximum sentences appellant faced played a material role in his decision to accept the guilty plea, nor does appellant allege that Attorney Harbison's alleged off-the-record recitation was either incorrect or would have constituted an illegal sentence, therefore, the claim lacks arguable merit.

We now turn to appellant's averment that he was not properly advised of the elements of robbery. (**See** appellant's brief at 9.) In **Morrison**, we stated:

> Our Supreme Court has repeatedly stressed that where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea. **Commonwealth v. Schultz**, 505 Pa. 188, 477 A.2d 1328 (1984); **Commonwealth v. Martinez**, 499 Pa. 417, 453 A.2d 940 (1982); **Commonwealth v. Shaffer**, 498 Pa. 342, 446 A.2d 591 (1982). "Whether notice [of the nature of the charges] has been adequately imparted may be determined from the totality of the circumstances attendant upon the plea[.]" **Martinez**, **supra** at 420, 453 A.2d at 942.

> In **Schultz**, the Supreme Court refused to invalidate a guilty plea to robbery and reckless endangerment and concluded that the defendant was aware of the nature of the charges, despite the fact that the defendant was not told that theft was an element of robbery and even though the defendant had not successfully completed his armed robbery. The defendant's awareness was premised upon the evidence against him outlined at the time of the oral colloquy.
>
> In **Martinez**, the defendant pled guilty to third degree murder and robbery, and the record established that "no recitation of the elements of the crimes" or even the intent aspect of third degree murder was made during the oral colloquy. **Id.** at 419, 453 A.2d at 942. Since the circumstances surrounding the plea established that it was voluntary and knowing and that the defendant was aware of the nature of the charges based on the extensive evidence of actual guilt presented at the oral colloquy, our Supreme Court stated that it did "not deem this oversight to be fatal . . . ." **Id.** It held, "In a case where ample, competent evidence in support of a guilty plea is made a matter of record, allegations of manifest injustice arising from the guilty plea must go beyond a mere claim of lack of technical recitation of the legal elements of the crimes." **Id.** at 422, 453 A.2d at 943. Similarly, in **Shaffer**, the Court charged the defendant with knowledge of the nature of the offenses despite the lack of review of the elements of the offenses to which he pled guilty because the plea was tendered after the Commonwealth had entered its evidence at trial.

**Morrison**, 878 A.2d at 107-108.

Here, we likewise find that despite the failure to outline the elements of robbery on the record, the record demonstrates that appellant knowingly, intelligently, and voluntarily entered into the guilty plea agreement. In the

written colloquy, appellant indicated that Attorney Harbison explained "all the things that a person must have done to be guilty" of robbery. (Written colloquy at 3.) Appellant also acknowledged on the record that Attorney Harbison "explained to [him] each and every element of the crimes" to which he pled guilty. (Notes of testimony, 1/28/14 at 7.) Moreover, the Commonwealth conducted a recitation of the facts on the record to which appellant admitted as part of his guilty plea. (**See id.** at 10-11.) We, therefore, find that based on a totality of the circumstances, appellant entered into a knowing, intelligent, and voluntary guilty plea, and his claim under the PCRA has no arguable merit.[3]

Order affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 5/11/2016

---

[3] We note that in his brief, appellant only attempts to satisfy the first **Pierce** prong and then requests a hearing "to see if [he] can prove all three (3) prongs of his ineffectiveness claim." (Appellant's brief at 11.) In order to be granted relief for ineffective assistance of counsel pursuant to the PCRA, appellant is required to satisfy all three prongs. Where a petitioner fails to satisfy each prong, the claim will be rejected. **See Gribble**, **supra** at 460.