J-S63023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY DOWNIE, | |
| Appellant | No. 1659 EDA 2015 |

Appeal from the PCRA Order May 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0802351-2003

BEFORE:  FORD ELLIOTT, P.J.E, SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 07, 2016**

Gregory Downie ("Appellant") appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

The instant case began at 10:15 p.m. on July 21, 2003, when Appellant and a co-conspirator robbed Robert Mendez and his girlfriend at gunpoint on Aramingo Avenue in Philadelphia.  Following a jury trial presided over by the late Honorable John J. Chiovero, the jury convicted Appellant of robbery and carrying a firearm without a license.  Judge Chiovero sentenced Appellant on February 27, 2004, to incarceration for a mandatory term of

---

[*]  Former Justice specially assigned to the Superior Court.

ten to twenty years as a "second strike" offender under 42 Pa.C.S. § 9714.[1]

For sentencing purposes, Appellant's first strike occurred on July 10, 2000, when Appellant pled guilty before the late Honorable Anthony J. DeFino to charges of robbery and possessing instruments of crime. Judge DeFino sentenced Appellant to incarceration for eleven and one-half to twenty-three months, followed by three years of reporting probation.

Sitting as the PCRA court, the Honorable Denis P. Cohen summarized the remaining procedural history as follows:

> On July 21, 2004, [Appellant] filed a timely pro se [PCRA] petition. On March 31, 2006, Judge Chiovero dismissed the petition. [Appellant] appealed the denial of PCRA relief. On June 11, 2008, the Superior Court found that PCRA counsel had failed to address any of [Appellant's] issues on the merits. The Court reinstated [Appellant's] PCRA petition and remanded for an evidentiary hearing on the ineffectiveness claim raised in the petition. On December 22, 2009, May 21, 2010, and July 2, 2010, this [c]ourt held evidentiary hearings on those claims. On August 19, 2010, this [c]ourt reinstated [Appellant's] right to direct appeal nunc pro tunc. Judgment of sentence was affirmed by the Pennsylvania Superior Court on September 21, 2011.

_____

[1] Section 9714 reads, in relevant part, as follows:

> (1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S. § 9714(a)(1). The statute defines "crime of violence" as, inter alia, "robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii), or (iii)." **Id.** at (g).

The Pennsylvania Supreme Court denied allocator [sic] on March 14, 2012. On March 28, 2012, [Appellant] filed a second pro se PCRA petition. On January 21, 2014, [Appellant's] counsel filed an amended PCRA petition. On May 29, 2015, this [c]ourt denied the petition. That same day, [Appellant] filed a Notice of Appeal. On June 9, 2015 this [c]ourt issued a [Pa.R.A.P.] 1925(b) order. On June 30, 2015, [Appellant] responded with a Statement of Matters Complained [of] on Appeal. . . .

PCRA Court Opinion, 12/21/15, at 2.

On appeal, Appellant presents the following questions for our consideration:

I.   Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

II.  Whether the court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

Appellant's Brief at 8 (reordered for ease of disposition).

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (internal citations and quotation marks omitted).

- 3 -

In the first issue, Appellant argues that trial counsel provided ineffective assistance.[2] In resolving questions of counsel's effectiveness, we begin with the presumption that counsel rendered effective assistance. **Commonwealth v. Bomar**, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id**. (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. **Id**.

Appellant claims that trial counsel was ineffective by failing to file a motion for reconsideration of sentence. Appellant's Brief at 15. Appellant asserts:

> There was no evidence presented by the Commonwealth as [to] any of the facts of the previous plea before Judge DeFino.

> * * *

_____

[2] We note with disapproval the minimal analysis of the three prongs of an ineffective-assistance claim set forth in Appellant's brief. Appellant's Brief at 17. However, because this deficiency does not impede our review, we decline to find waiver. **But see Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived[.]").

[At sentencing t]he Appellant's record before Judge Chiovero did not adequately establish by a preponderance of the evidence that Appellant had pled guilty to a robbery pursuant to §9714(a)(1) or (2) without the court having the benefit of the complete written record.

*Id.* at 16–17. In response, the Commonwealth argues:

[Appellant] bore the burden to make a factual proffer to support this claim, and he failed to do so below. His claim failed for this reason alone.

Moreover, the record clearly and unequivocally documented that [Appellant's] prior conviction was for the crime of robbery as a felony of the first degree[.] ... Judge Chiovero correctly applied the relevant "second strike" statute in imposing a mandatory ten-year-minimum sentence, and therefore sentencing counsel was not ineffective for not raising a futile challenge to the sentence.

Commonwealth's Brief at 6–7 (citing Pennsylvania Commission on Sentencing pre-sentence report and the First Judicial District of Pennsylvania Secure Court Summary) (footnotes omitted).

The PCRA court concluded that Appellant failed to demonstrate prejudice:

[Appellant] fails to present any prejudice resulting from the failure to file a Motion for Reconsideration of Sentence. [Appellant] must demonstrate that there was a reasonable probability that, but for counsel's ineffectiveness, the outcome of the proceedings would have been different. The Superior Court has concluded that a defendant's failure to file a post-sentence motion "is not fatal to the defendant's challenge to the mandatory minimum sentence, or any legality of sentencing claim for that matter, because the fundamental issue raised concerns the sentencing court's constitutional or statutory authority to act as it did." *Commonwealth v. Foster*, 17 A.3d 332, 343–[3]44 (Pa. 2011).

In the instant case, the sentencing court was still within its statutory and constitutional authority to act as it did. At the time the crime was committed, a first degree felony Robbery could only fall under § 3701 (a)(1)(i), (ii), or (iii). The relevant portions of the statute reads [sic]:

A person is guilty of robbery if, in the course of committing a theft, he: (i) inflicts serious bodily injury upon another; (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; (iii) commits or threatens immediately to commit any felony of the first or second degree; (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; (v) physically takes or removes property from the person of another by force however slight . . . Robbery under subsection (a)(1)(iv) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree.

§ 3701(a), (b). As the statute notes, the only provisions related to a first degree felony are §3701(a)(1)([i]), (ii), and (iii). All first degree felony robbery convictions fell within the provisions specified in § 9714. Thus, the 2000 Robbery conviction fell within the purview of § 9714 and necessarily constituted a "first strike."... [A] Motion for Reconsideration would ultimately have been fruitless since § 9714 did, in fact, apply. Thus, [Appellant] suffered no prejudice from his counsel's alleged failure to file a Motion for Reconsideration.

PCRA Court Opinion, 12/21/15, at 6–7 (an internal citation omitted).

Upon review, we conclude that the record supports the PCRA court's factual findings and that its legal conclusion is without error. The pre-sentence report indicates that Appellant pled guilty on July 10, 2000, to felony-one ("F1") robbery. Commonwealth's Motion to Dismiss, 2/13/15, at Exhibit A. Similarly, the Secure Court Summary indicates that, on July 10, 2000, Appellant was sentenced on the 2000 F1 robbery conviction. *Id.* at

Exhibit B. Even without knowing the factual basis for Appellant's plea to F1 robbery in 2000, Judge Chiovero legally sentenced Appellant in 2004 as a "second strike" offender based on the documentation of record. Thus, Appellant failed to demonstrate how he was prejudiced by counsel's failure to file a post-sentence motion. Appellant is not entitled to relief.

In the second issue, Appellant argues that the PCRA court erred in denying him an evidentiary hearing on his ineffective assistance claim. "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting **Commonwealth v. Barbosa**, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Mason**, 130 A.3d at 617.

Here, as discussed above, the PCRA court correctly determined from the record that Appellant was properly sentenced as a "second strike" offender under section 9714; therefore, counsel was not ineffective in failing to file a motion for reconsideration of sentence. Because there were no genuine issues of material fact regarding counsel's effectiveness, we discern no abuse of the PCRA court's discretion in denying Appellant an evidentiary hearing. **Mason**, 130 A.3d at 617.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/2016