J-S52022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARNELL WILLIAMS | |
| Appellant | No. 2007 EDA 2015 |

Appeal from the PCRA Order May 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008302-2009

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER, [*] JJ.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 22, 2016**

Appellant, Darnell Williams, appeals from the May 29, 2015 order entered in the Court of Common Pleas of Philadelphia County ("PCRA court") denying relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Appellant's sole issue on appeal is whether the PCRA court erred in denying the PCRA petition without a hearing. Upon review, we affirm.

The PCRA court summarized the procedural background of this matter in its Pa.R.A.P. 1925(a) opinion, which we incorporate herein by reference. PCRA Court Opinion, 11/4/15, at 1-2. Briefly, after a jury trial that occurred fom June 8 through June 17, 2010, Appellant was found guilty of first-degree murder, violations of the uniform firearms act ("VUFA"), and

_____

[*] Retired Senior Judge assigned to the Superior Court.

possession of an instrument of crime ("PIC"). Appellant was sentenced to life without the possibility of parole on the murder charge, and sentenced concurrently to terms of two and one-half years for VUFA and PIC.

After the PCRA Court granted a previous PCRA petition to reinstate Appellant's direct appellate rights, this Court affirmed his convictions on direct appeal on April 17, 2012. *See Commonwealth v. Williams*, No. 1312 EDA 2011, unpublished memorandum at 1 (Pa. Super. filed April 17, 2012).

Appellant filed the instant PCRA petition on October 25, 2013. The PCRA court issued a 907(1) Notice on June 18, 2014, and dismissed the petition without a hearing on May 29, 2015. Appellant filed a timely notice of appeal on June 29, 2015.

Appellant raises a sole issue on appeal. "Did the Honorable PCRA [c]ourt err when it dismissed [Appellant's] [c]ounseled [p]etition for PCRA relief without a [h]earing and all where [Appellant] properly pled and would have been able to prove that he was entitled to relief if only had he been granted a hearing[.]" Appellant's Brief at 3.

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (citing *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). An ineffective assistance of counsel claim "must meet all three prongs of the

test for ineffectiveness, if the court can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose would be advanced by holding an evidentiary hearing." ***Jones***, 942 A.2d at 906. All of the underlying PCRA claims in the instant matter, save one,[1] are allegations of ineffective assistance of counsel.

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). A petitioner must adequately discuss and prove all three factors of the '***Pierce***[2] test,' or the claim fails. ***Id.***

In the matter *sub judice*, Appellant raises a number of claims of ineffective assistance of counsel. Appellant claims that trial counsel was ineffective for 1) failing to request discovery of 115 images, 2) failing to adequately cross examine Omar O'Neal, Rodney King, Roland Carter, Bayshine Jones, and Roger King regarding inconsistencies in their

---

[1] One of Appellant's underlying claim is an alleged ***Brady*** violation; however, Appellant fails to discuss this in his brief.

[2] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

statements, 3) failing to adequately cross-examine Detective Cahill, 4) failing to file a motion to suppress the out of court identification of Appellant, and 5) failing to pursue the issue of whether Jamal Simmons was the real shooter. In his brief, Appellant fails to discuss whether trial counsel had a reasonable basis for making any of these decisions or how these decisions prejudiced Appellant; therefore, Appellant's claims fail.

Even if Appellant had properly addressed his ineffectiveness claims, we would find that the PCRA court's opinion of November 4, 2015, properly determined that each of Appellant's claims did not have arguable merit and/or did not result in prejudice to the Appellant. **See** PCRA Court Opinion, 11/4/15, at 9-20. We would therefore affirm the PCRA court on those bases. We note in as much as the PCRA court discusses whether counsel had a reasonable basis for acting or failing to act, we disagree that the PCRA court could determine this part of the **Pierce** test because it did not conduct a hearing to establish counsel's basis for each of Appellant's ineffectiveness claims. **See Reyes-Rodriguez**, 111 A.3d at 783-84. Nonetheless, while an appellant may need a hearing to explore the validity of counsel's trial strategy pursuant to this second prong, such a hearing will be rendered superfluous if the court can determine from the record that there has been no prejudice to the appellant, **Jones**, 942 A.2d at 907, or the claim lacks arguable merit. **Reyes-Rodriguez**, 111 A.3d at 784.

We direct that a copy of the PCRA court's November 4, 2015 opinion be attached to any future filings in this case.

Order affirmed.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016