J-S04007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN M. WAYNE, | |
| Appellant | No. 204 EDA 2016 |

Appeal from the PCRA Order December 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007157-2012, CP-51-CR-0007158-2012

BEFORE:  SHOGAN and OTT, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 10, 2017**

Appellant, Sean M. Wayne, appeals from the order entered on December 18, 2015, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The relevant facts were set forth by the PCRA court as follows:

> Between 2000 and 2003, [Appellant] sexually assaulted the victims, two young girls, one of whom was between six and eight years old, and the other who was between six and seven years old. (N.T. 12/04/12 at 9-14). During the relevant time period, [Appellant] was occasionally asked by his girlfriend to babysit [the victims] (*Id.*). Although entrusted with their care, [Appellant] instead proceeded to sexually assault the young victims in a number of ways, including penetrating their vaginas with his fingers, punching their genitalia, exposing himself to them, and forcing them to touch his penis. (*Id.*). After another

_____

[*]  Former Justice specially assigned to the Superior Court.

incident where [Appellant] again exposed himself in July, 2011, the victims reported what had happened to the police. (*Id.* at 14). An arrest warrant was taken out for [Appellant's] arrest on November 1, 2011. (*Id.*). [Appellant] was arrested on March 2, 2012. (*Id.*).

PCRA Court Opinion, 5/16/16, at 2.

On December 4, 201[2], [Appellant] entered a negotiated guilty plea before this Court to Indecent Assault of a Person Less Than 13 Years of Age[1] and Corrupting the Morals of a Minor.[2] On April 25, 2013, pursuant to the terms of the [agreement, the trial court] imposed an aggregate sentence of nine (9) to twenty-three (23) months [of] incarceration, with credit for time served and immediate parole, followed by three (3) years of reporting probation.[3]

[1] 18 Pa. C.S. § 6301 (M1).

[2] 18 Pa. C.S. § 3126 (M1).

[3] Shortly thereafter, [Appellant] violated his probation and, on July 12, 2013, this Court revoked [Appellant's] parole and entered back time.

On August 15, 2013, [Appellant] filed a timely pro se Post Conviction Relief Act (PCRA) petition. On November 7, 2014, [Appellant's] attorney, Mr. Peter Levin, filed an amended PCRA petition on [Appellant's] behalf. On December 21, 2015, this Court denied the petition on the basis that the issues raised therein lacked merit. On January 7, 2016, [Appellant] filed his Notice of Appeal regarding the denial of his petition.

PCRA Court Opinion, 5/16/16, at 1-2.

On appeal, Appellant presents two issues for this Court's consideration:

I.  Whether the court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

    II.    Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 9. Because Appellant's claims of error are interrelated, we address them concurrently.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Stewart*,

84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance. ***Commonwealth v. Montalvo***, 114 A.3d 401, 410 (Pa. 2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citing ***Commonwealth v. Albrecht***, 720 A.2d 693, 701 (Pa. 1998)).

Appellant averred that he instructed counsel to withdraw his guilty plea and that counsel was ineffective for failing to comply with his instruction. Appellant's Brief at 16; Amended PCRA Petition, 11/7/14, at 2 and Appendix A. Appellant's claim is belied by the record.

The notes of testimony reveal the following exchange:

**THE COURT:** Mr. Feinberg, at the last listing there was a question about what your client's preference was.

**MR. FEINBERG:** . . . We are here for status on sentencing. If you would like to turn that into a sentencing today, my client would be fine with that Your Honor.

**THE COURT:** Are you ready for sentencing?

- 4 -

[**ASSISTANT DISTRICT ATTORNEY REBECCA**] **KENNY**: Yes, Your Honor.

**THE COURT:** The status is whether or not he wanted to receive the sentence or do something else regarding his plea.

**MR. FEINBERG:** Correct.

**THE COURT:** So as I understand it, you want to move ahead with sentencing.

**MR. FEINBERG:** That's correct.

**THE COURT:** Okay. Call your client up.

**THE CRIER:** Can you state your full name for the record, and spell your last name?

[**APPELLANT**]: Sean Wayne, W-A-Y-N-E.

**THE CRIER:** Can you raise your right hand?
Sean Wayne, W-A-Y-N-E, after having been duly sworn, was examined and testified as follows:

**THE COURT:** And, Mr. Wayne, do I understand that you do not wish to withdraw your plea. Is that correct?

[**APPELLANT**]: That's correct.

**THE COURT**: And, you do wish to proceed to sentencing today?

[**APPELLANT**]: Yes.

N.T., 4/25/13, at 1-4.

Thus, Appellant testified under oath that he did not want to withdraw his guilty plea. It is well settled that a criminal defendant is bound by the statements made at his guilty plea colloquy, which were made in open court while under oath, and he cannot assert grounds for withdrawing his plea that contradicted those sworn statements. ***Commonwealth v. Willis***, 68 A.3d

- 5 -

997, 1009 (Pa. Super. 2013). Because there is no support for Appellant's claim of ineffective assistance of counsel, the issue had no arguable merit, and because there were no issues of material fact, there was no need for an evidentiary hearing. *Jones*, 942 A.2d at 906. Accordingly, the PCRA court's decision is supported by the record, and we affirm the PCRA court's order denying Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2017