J-S17013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KHALIL TURNER, | |
| Appellant | No. 1029 EDA 2016 |

Appeal from the PCRA Order of March 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001792-2010

BEFORE:  OLSON, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                          **FILED APRIL 12, 2017**

Appellant, Khalil Turner, appeals from the order entered on March 11, 2016, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts of this case, as summarized by this Court on direct appeal, are as follows:

> In February of 2006, while housed in Curran Fromhold Correctional Facility, Kareen Glass told his cellmate, Eddie Almodovar, that he arranged for Dominic Thomas, a friend of Almodovar, to kill a witness in Glass's pending homicide case.  Almodovar told authorities what Glass stated and later gave a signed statement to Philadelphia Police Officer Patrick Boyle; Almodovar also identified Glass in a photograph.
>
> By May of 2009, Almodovar had been transferred to the Philadelphia Industrial Correction Center.  Appellant and Ernest Baker, his co-defendant, shared a cell next to Almodovar.  On May 16, 2009, [A]ppellant approached Almodovar about his involvement in the case against Glass.

After a brief exchange the two parted ways and Almodovar requested to spend the day in his cell. However, when Almodovar exited his cell, [A]ppellant was waiting outside holding a red and grey knife. Appellant swung at Almodovar cutting his lip with the knife. The two men began throwing punches and wrestling; the altercation lasted approximately five minutes. [Almodovar] testified that a group of inmates, including Baker, tried to break up the fight and Almodovar was stabbed in the back with a weapon similar to an ice pick. This weapon, customarily seen in prisons, may have been a large screw of about six to eight inches that is typically removed from a light in the prison and sharpened down to form a weapon. Almodovar was unsure as to whether [A]ppellant or Baker used the ice pick, as there were so many people around at this point. Corrections Officer James Graham ended the brawl by spraying [A]ppellant and Baker with pepper spray and handcuffing the men.

Almodovar was taken for medical treatment where he received 18 stitches for the injury to his lip. Almodovar suffered puncture wounds and scratches to his back, chest and arm. He also endured four lacerations and eight poke wounds to his back, one wound to his arm, and two wounds to his chest. Almodovar was then placed in protective custody.

A search of [A]ppellant's cell yielded several documents. The documents referred to an ice pick, a knife/shank, and "snitches" in code as well as in actuality. No weapons were recovered during the search.

*     *     *

On August 9, 2011, the jury found [A]ppellant guilty of aggravated assault and [possessing an instrument of crime]. He was found not guilty of attempted murder and conspiracy. On September 23, 2011, [A]ppellant was sentenced to 10 to 20 years' incarceration for aggravated assault and a consecutive sentence of 2½ to 5 years' on the weapons offense.

***Commonwealth v. Turner***, 2013 WL 11271519 (Pa. Super. 2013) (unpublished memorandum) (record citations and footnote omitted). We affirmed Appellant's judgment of sentence on April 8, 2013. ***Id.*** Our Supreme Court denied further review. ***See Commonwealth v. Turner***, 75 A.3d 547 (Pa. 2013).

On May 14, 2014, Appellant filed a *pro se* PCRA petition. Counsel was appointed and he filed an amended PCRA petition on July 14, 2015. After giving Appellant notice of its intent to dismiss the PCRA petition under Pa.R.Crim.P. 907,[1] the PCRA court entered an order on March 11, 2016 denying Appellant relief. This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

> Did the [PCRA] [c]ourt err in failing to hold an evidentiary hearing to determine substantial issues of material fact alleged in [] Appellant's PCRA petition?

Appellant's Brief at 8.

---

[1] Appellant filed a *pro se* response to the PCRA court's Rule 907 notice.

[2] Appellant filed a counseled notice of appeal on March 30, 2016. Attached to Appellant's appellate brief is a purported statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, the docket does not reflect that the PCRA court ordered the preparation of a 1925(b) statement and there is no indication on the docket that one was filed. In its opinion issued on August 26, 2016, however, the PCRA court addressed each of the claims as presented in Appellant's amended, counseled PCRA petition. Appellant's current claims relate specifically to issues presented in his amended PCRA petition.

While Appellant's single issue avers he is entitled to an evidentiary hearing, his complaints relate to three distinct claims of trial counsel ineffectiveness.

"In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). "[T]he right to an evidentiary hearing on a PCRA petition is not absolute." *Commonwealth v. Barbosa*, 819 A.2d 81, 85, (Pa. Super. 2003) (internal citation omitted). "If the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Id.*, *citing* Pa.R.Crim.P. 907(1).

"To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner." *Commonwealth v. Spotz*, 84 A.3d 294, 303 n.3 (Pa. 2014). "Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa. 2012).

In his first issue presented, Appellant avers that trial counsel was ineffective for failing to call Paul Miles, Miguel Deleon, and/or Derrick Spivey,

purported eyewitnesses to the incident in question who were available to testify at trial. Appellant's Brief at 14-15.

We have previously determined:

> Where an appellant claims that counsel was ineffective for failing to call a particular witness, we require proof of that witness's availability to testify, as well an adequate assertion that the substance of the purported testimony would make a difference in the case. With respect to such claims, our Court has explained that:
>
> > the appellant must show: (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.
>
> Thus, trial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by the appellant that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

*Commonwealth v. Michaud*, 70 A.3d 862, 867–868 (Pa. Super. 2013) (internal quotations, citations, and original brackets omitted). Moreover, we have held that "[a] defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance and purport that he was coerced by counsel." *Commonwealth v. Lawson*, 762 A.2d 753, 756 (Pa. Super. 2000).

Here, the trial court colloquied Appellant prior to the close of trial and Appellant stated that he did not intend to call witnesses despite his right to

do so. N.T., 8/5/2011, at 15-16. Instantly, the PCRA court determined that Appellant "cannot now claim ineffectiveness for this alleged error." PCRA Court Opinion, 8/26/2016, at 6. We agree. Moreover, upon review of the certified record, attached to Appellant's amended PCRA petition are certifications from Appellant's PCRA counsel. Therein, PCRA counsel certifies that he "expect[ed]" Paul Miles, Miguel Deleon, and Derrick Spivey to testify that they were eyewitnesses to the incident, that Appellant was innocent, and that the witnesses were available for trial. Amended PCRA Petition, 3/5/2015, Attachments. Aside from blanket statements, Appellant fails to show that these witnesses were available and ready to cooperate and testify on Appellant's behalf. In fact, PCRA counsel did not even know Miguel Deleon's whereabouts. *Id.* Appellant also fails to set forth the substance of the purported eyewitnesses' testimony other than conclusory certifications that Appellant was innocent. He has not met his burden of establishing that these three identified witnesses would have been helpful to the defense. Finally, upon review of the notes of testimony from trial, we recognize that the victim and three corrections officers identified Appellant as the victim's assailant. Appellant has not demonstrated how the outcome of trial would have been different with the purported witnesses' testimony. Hence, his first claim fails.

Next, Appellant claims that trial counsel was ineffective for advising him not to testify at trial because "prior [*crimen falsi*] convictions could be used against him to impeach his credibility." Appellant's Brief at 15. More

specifically, Appellant contends that the PCRA court's "opinion states that []
Appellant had been convicted of burglary in 2003" but that "[current
c]ounsel could find no indication of that conviction in the record." *Id.* at 15
n.1. Appellant admits that "while he did have arrests in his past that were
considered *crimen falsi*, there were no convictions." *Id.* at 15.

In this case, the PCRA court determined that "trial counsel's advice
was sound because [Appellant] was convicted of a burglary charge on May
20, 2003." PCRA Court Opinion, 8/26/2016, at 7. Upon review of the
certified record, while the PCRA court used the term "conviction," Appellant
was, in fact, "adjudicated delinquent" of burglary on that date. The
Commonwealth, in a motion to dismiss Appellant's PCRA petition filed on
December 7, 2015, argued that Appellant's burglary adjudication qualified
under Pa.R.E. 609(d) and would have been admitted for impeachment
purposes had Appellant testified at trial.[3] Commonwealth's Motion to
Dismiss, 12/7/2015, at 7-8. Upon independent review, we confirmed that
Appellant was adjudicated delinquent for burglary on May 20, 2003. *See*
CP-51-JV-0050152-2003. "In a criminal case only, evidence of the
adjudication of delinquency for an offense under the Juvenile Act […] may be

---

[3] We note that on November 10, 2016, the Commonwealth filed an
application for an extension of time to file an appellate brief which was
granted by order dated December 7, 2016. To date, the Commonwealth has
not filed one. Appellate advocacy would have been helpful in this matter,
especially on this specific issue. Instead, this Court had to scour the record
to examine the merits of Appellant's claim.

used to impeach the credibility of a witness if conviction of the offense would be admissible to attack the credibility of an adult." Pa.R.E. 609(d) (internal citation omitted); *see also* 42 Pa.C.S.A. § 6354(b)(4) ("The disposition of a child […] may only be used against him […] in a criminal proceeding, if the child was adjudicated delinquent for an offense, the evidence of which would be admissible if committed by an adult."). The prior adjudication must have occurred within 10 years of the witness's testimony. Pa.R.E. 609(b). "Where the date of [adjudication] or last date of confinement is within ten years of the trial, evidence of the [adjudication] of a *crimen falsi* is *per se* admissible." Pa.R.E. 609, comment. Burglary is considered a *crimen falsi* offense and is admissible for the purpose of impeachment. **See Commonwealth v. Trippett**, 932 A.2d 188, 199–200 (Pa. Super. 2007). Appellant's trial in the current matter took place in August 2011, approximately eight years after his May 2003 adjudication for burglary. Hence, his prior adjudication was *per se* admissible had Appellant testified at trial. Accordingly, there is no merit to Appellant's claim that trial counsel rendered ineffective assistance in advising him that his prior adjudication would have been used to impeach him had he testified at trial.

Finally, Appellant claims that despite his best efforts "to preserve the shirt worn by the complaining witness" he was unable to procure it and, therefore, trial counsel was ineffective for failing to request standard jury instruction 3.21(B) pertaining to the Commonwealth's failure to produce

tangible evidence. *Id.* at 16. As such, Appellant claims there are material issues of fact to resolve which require an evidentiary hearing. *Id.* at 17.

On this issue, the PCRA court concluded:

> [Appellant] claims that the shirt was in the sole possession of the Commonwealth. However, he fails to establish that this was so and offers no substantiated claim as such. The only evidence he shows is a grievance form requesting the shirt, but fails to establish that it was in possession of the Commonwealth. He claims that there were no holes in the shirt which would have proven that the victim was not stabbed in the incident. However, [Appellant] stipulated to the medical records detailing the wounds and lacerations suffered by the victim. Moreover, there were photos taken after the assault which provided visual evidence of these injuries. Additionally, Lieutenant Ellwood Talbot identified photos of [Appellant] which showed him covered in blood but without any injury. In light of the testimony and stipulation, [Appellant] fails to show a substantive claim for relief. Thus, there was no basis for the instruction.

PCRA Court Opinion, 8/26/2016, at 8.

"[I]t has long been the rule in this Commonwealth that a trial court should not instruct the jury on legal principles which have no application to the facts presented at trial." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1257 (Pa. Super. 2014).

Pennsylvania Suggested Standard Criminal Jury Instruction, 3.21(b)(2), failure to produce document or other tangible evidence at trial, includes the following language:

> If three factors are present, and there is no satisfactory explanation for a party's failure to produce an item, the jury is allowed to draw a common-sense inference that the item would have been evidence unfavorable to that party. The three necessary factors are:

> First, the item is available to that party and not to the other;
>
> Second, it appears the item contains or shows special information material to the issue; and
>
> Third, the item would not be merely cumulative evidence.

Pa.S.S.C.J.I. 3.21(B).

Here, Appellant has no evidence that the victim's shirt was ever in the Commonwealth's possession. Appellant alleged in letters to prison officials that he wished to preserve the shirt for trial. However, there is no indication that prison officials retained the shirt or turned it over to the Commonwealth. Thus, the first requirement under Pa.S.S.C.J.I. 3.21(B) was not met. Moreover, Appellant does not challenge the fact that he stipulated to the victim's medical records at trial. Those records showed the victim suffered from puncture wounds and lacerations consistent with a stabbing. The Commonwealth also entered photographs of the victim's injuries into the record at trial. Finally, prison officials obtained documentation from Appellant's cell indicating he planned a stabbing. In light of this additional, unchallenged evidence, Appellant has not demonstrated how he was prejudiced by trial counsel's failure to request Pennsylvania Suggested Standard Criminal Jury Instruction 3.21(b)(2). Hence, Appellant's last claim lacks merit and Appellant was not prejudiced.

Finally, we reject Appellant's suggestion that an evidentiary hearing was required. "[I]t is well settled that a PCRA court does not need to

conduct a hearing on all issues related to counsel's ineffectiveness." *Commonwealth v. Rush*, 838 A.2d 651, 659–660 (Pa. 2003) (citations omitted). We will only reverse a decision not to hold a hearing upon an abuse of discretion. *Id.* Again, we stress that when "the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Barbosa*, 819 A.2d at 85. Here, the PCRA court was able to assess the merits of Appellant's based solely on the record and there was no need for an evidentiary hearing. Accordingly, we discern no abuse of discretion by the PCRA court in declining to hold an unnecessary proceeding.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2017