J-A18004-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
O'NEAL JAMEL OLIVE :
:
Appellant : No. 806 WDA 2019

Appeal from the PCRA Order Entered May 7, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009029-2014

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.: FILED AUGUST 27, 2020

Appellant, O'Neal Jamel Olive, appeals from the post-conviction court's

May 7, 2019 order that denied his timely-filed petition under the Post

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant raises

claims of ineffective assistance of trial counsel, and he also contends that the

court erred in denying his petition based on his allegedly inadequate witness

certifications. After careful review, we vacate the order and remand for an

evidentiary hearing.

This Court briefly summarized the facts and procedural history of

Appellant's case in our disposition of his direct appeal, as follows:

> On May 11, 2014, Appellant fired approximately 11 shots at
> Jahtae Boyce ("Boyce") and Deandre Carter ("Carter") as they
> were standing in front of Carter's residence. Neither Boyce nor
> Carter was hit by the gunfire. Three shots, however, entered Mary
> Johnston's ("Johnston's") residence, which was located next to
> Carter's residence. Johnston and her husband were in the
> residence when one of those bullets struck Johnston in the face.

As a result of that gunshot wound, Johnston suffered brain damage.

* * *

On August 12, 2014, the Commonwealth charged Appellant via criminal information with four counts of recklessly endangering another person, three counts of attempted murder, three counts of aggravated assault, two counts of discharging a firearm into an occupied structure, and carrying a firearm without a license. At the conclusion of the Commonwealth's case-in-chief, the trial court granted Appellant's motion for judgment of acquittal on the carrying a firearm without a license charge. On December 18, 2014, Appellant was convicted of the remaining 12 offenses.

On March 10, 2015, the trial court sentenced Appellant to an aggregate term of 35 to 70 years' incarceration.

Commonwealth v. Olive, 609 WDA 2015, unpublished memorandum at *1-2 (Pa. Super. filed Aug. 21, 2017).

Appellant appealed from his judgment of sentence, and this Court affirmed his convictions, but vacated an illegal aspect of his sentence and remanded for resentencing. See id. at 7. On January 18, 2018, Appellant was resentenced to an aggregate term of 22 to 44 years' imprisonment. He did not appeal from that sentence.

Instead, on February 13, 2019, Appellant filed the timely, counseled PCRA petition underlying his present appeal. Therein, he presented three claims of trial counsel's ineffectiveness. Notably, he presented three witness certifications: one for his trial counsel, and two for police officers who had testified at his trial. On March 6, 2019, the Commonwealth filed a response, contending, inter alia, that the three witness certifications attached to Appellant's petition were inadequate and his petition should be denied without

- 2 -

a hearing. On March 13, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, citing only that his "[p]etition [was] defective in failing to file proper certifications." Pa.R.Crim.P. 907 Notice, 3/13/19, at 1 (single page).

On March 29, 2019, Appellant filed a timely response to the court's Rule 907 notice, supplementing the purported inadequacies in his witness certifications. For instance, Appellant explained the futile efforts he had taken to procure the signatures of his proposed witnesses. See Response to Rule 907 Notice, 3/29/19, at 3-4. He also attached a more detailed certification for his trial counsel, and included a police report to supplement the certification for one of the police officers he intended to call at the hearing. Notwithstanding Appellant's efforts, on May 7, 2019, the PCRA court issued an order dismissing his petition without a hearing. Again, the court premised its decision solely on the inadequacy of Appellant's witness certifications.

Appellant filed a timely notice of appeal, and he timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court thereafter filed a Rule 1925(a) opinion. Therein, the court explained why it dismissed Appellant's petition without a hearing, stating:

> After reviewing [Appellant's] PCRA petition, the Commonwealth's response thereto, and [Appellant's] response to this [c]ourt's notice of intention to dismiss, this [c]ourt determined that [Appellant's] PCRA petition did not raise any claims which were cognizable under the PCRA. Moreover, this [c]ourt noted that [Appellant's] PCRA petition was procedurally deficient, as [Appellant] did not provide the requisite witness

- 3 -

certifications. See 42 Pa.C.S. § 9545(d); Pa.R.Crim.P. 902 (relating to witness certification requirements).

PCRA Court Opinion (PCO), 9/13/19, at 6-7 (unnumbered).

Alternatively, the court concluded that Appellant's petition should be dismissed on the merits, reasoning that Appellant set forth only "general assertions that he was, 'deprived [the benefit] of a fair trial,' and that there 'is…a fair probability that the trial's outcome would have been different,' but for trial counsel's ineffectiveness. These vague assertions are far less than a petitioner seeking post-conviction relief for ineffective assistance of counsel must prove." Id. at 8-9 (citation omitted). Without further discussion, the court concluded that it had properly dismissed Appellant's petition. See id. at 9.

Now, on appeal, Appellant states the following issues for our review, which we have reordered for ease of disposition:

> 1. Did the PCRA court err in dismissing [Appellant's] petition based on a supposed procedural defect when [Appellant's] witness certifications substantially complied with the PCRA's requirements?
>
> 2. The defense theory presented to the jury in the opening statement was that this was a one-eyewitness case, and that one eyewitness shouldn't be believed. In the middle of trial, the Commonwealth presented the testimony of a surprise second eyewitness. [Appellant] suffered prejudiced as a result of his trial counsel's failure to request a mistrial once he learned of the surprise eyewitness. Did the PCRA court err in dismissing [Appellant's] petition without a hearing?
>
> 3. Did the PCRA court err in dismissing [Appellant's] petition without a hearing when [Appellant] was prejudiced by his trial counsel's failure to effectively confront the K-9 tracking evidence?

4. Did the PCRA court err in dismissing [Appellant's] petition without a hearing when [Appellant] was prejudiced by his trial counsel's failure to request the standard jury instruction addressing the significance of the eyewitness['s] prior inconsistent statements?

Appellant's Brief at 2-3 (footnoted citations to the record omitted).

Initially, we note that, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." Commonwealth v. Morales, 701 A.2d 516, 520 (Pa. 1997) (citing Commonwealth v. Travaglia, 661 A.2d 352, 356 n.4 (Pa. 1995)).

> Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." Commonwealth v. Jones, 942 A.2d 903, 906 (Pa. Super. 2008), appeal denied, 956 A.2d 433 (Pa. 2008) (citing Commonwealth v. Barbosa, 819 A.2d 81 (Pa. Super. 2003)); Pa.R.Crim.P. 907(2). A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citation omitted).

Commonwealth v. Springer, 961 A.2d 1262, 1264 (Pa. Super. 2008).

Here, we first address Appellant's argument that the PCRA court erred by dismissing his petition without a hearing based solely on his purportedly inadequate witness certifications. The required contents of witness certifications are set forth in section 9545(d) of the PCRA, as follows:

(d) Evidentiary hearing.--

(1) The following apply:

(i) Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.

(ii) If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony. In lieu of including the witness's name and address in the certification under this subparagraph, counsel may provide the witness's name and address directly to the Commonwealth. The certification under this subparagraph shall include any documents material to the witness's testimony and specify the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature. Nothing in this subparagraph shall be construed to contravene any applicable attorney-client privilege between the petitioner and postconviction counsel.

(iii) Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S. § 9545(d).

In the case sub judice, Appellant argues that his witness certifications substantially complied with the PCRA's requirements, which is all that is necessary to obtain a hearing. See 42 Pa.C.S. § 9545(d)(1)(iii) (directing that the petitioner must "substantially comply"); Pa.R.Crim.P. 902(A)(15) ("A petition for post-conviction collateral relief shall bear the caption, number, and court term of the case or cases in which relief is requested and shall contain substantially the following information: (15) if applicable, any request for an evidentiary hearing. The request for an evidentiary hearing shall include a signed certification as to each intended witness, stating the witness's name,

address, and date of birth, and the substance of the witness's testimony. Any documents material to the witness's testimony shall also be included in the petition[.]") (emphasis added). Appellant explains the actions he took to obtain the signatures of the two police officers he intends to call as witnesses, and he insists that his certifications contain as much detail as possible, given the officers' refusal to speak to his PCRA counsel. See Appellant's Brief at 40-42. Appellant also points out that the officers were the Commonwealth's witnesses at trial. Id. at 42. Thus, the Commonwealth was on notice of their identities and locations, as well as the basic content of their testimony.

Appellant further explains that his trial counsel also failed to respond to his current counsel's request for a signature on the witness certification. Id. at 43. Appellant then reiterates the anticipated content of his trial counsel's testimony, which he set forth in his response to the court's Rule 907 notice. Id. at 43-44. Accordingly, Appellant argues that he substantially complied with the witness-certification requirements of section 9545(d)(1) and, as such, the PCRA court erred by dismissing his petition without a hearing. Notably, the Commonwealth conceded, at oral argument in this case, that an evidentiary hearing is warranted.

We agree with the parties. At no point in its Rule 907 notice, the order dismissing Appellant's petition, or in its Rule 1925(a) opinion did the PCRA court provide any explanation for why it concluded that Appellant's witness certifications failed to substantially comply with the PCRA's requirements. Our review of the record demonstrates that the court's unsupported decision was

erroneous. Appellant's original witness certifications, and his supplemented certifications filed in response to the court's Rule 907 notice, adequately conveys the identities of the witnesses he intends to call, his efforts to obtain their signatures on the certifications, and the basic substance of their proposed testimony. This information, read in conjunction with the claims asserted in Appellant's petition, sufficiently notifies the Commonwealth of the testimony Appellant plans to elicit from his witnesses at an evidentiary hearing. Consequently, Appellant substantially complied with section 9545(d), and the PCRA court erred by dismissing his petition on the basis that his witness certifications were inadequate.

Additionally, we reject the PCRA court's alternative conclusion that Appellant's petition was properly dismissed because he provided only 'general' and 'vague' ineffectiveness claims in his petition. See PCO at 8-9. To the contrary, Appellant filed a 23-page petition that provides detailed arguments on the three ineffectiveness claims he sets forth herein. Thus, the record does not support the court's determination that Appellant's ineffectiveness claims are not adequately developed.

For these reasons, we conclude that the PCRA court erred by dismissing Appellant's petition. Consequently, we vacate the court's May 7, 2019 order and remand for an evidentiary hearing.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/27/2020</u>