J-A21014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD A. BRYANT | : | |
| | : | |
| Appellant | : | No. 1929 EDA 2019 |

Appeal from the PCRA Order Entered June 25, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009955-2012

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                  Filed: November 5, 2020

Richard A. Bryant appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After our review, we affirm.

Following a four-day jury trial, Bryant was convicted of rape of a child,[1] aggravated indecent assault,[2] endangering the welfare of children,[3] corruption

---

[1] 18 Pa.C.S.A. § 3121(c).

[2] 18 Pa.C.S.A. § 3125(b).

[3] 18 Pa.C.S.A. § 4304.

of minors,[4] and indecent assault of a person less than 13 years of age.[5] The victim, A.B., was the five-year-old niece of Bryant's girlfriend.

The trial court sentenced Bryant to a term of seventeen to thirty-four years' incarceration. On direct appeal, this Court affirmed Bryant's judgment of sentence. ***Commonwealth v. Bryant***, 2226 EDA 2015 (Pa. Super. filed Nov. 7, 2016) (unpublished memorandum). The Pennsylvania Supreme Court denied Bryant's petition for allowance of appeal. ***Commonwealth v. Bryant***, 496 EAL 2016 (Pa. filed April 11, 2017).

On July 14, 2017, Bryant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on May 25, 2018. The Commonwealth filed a motion to dismiss Bryant's petition on November 26, 2018, and Bryant filed a response in opposition on January 28, 2019. On May 21, 2019, the PCRA court sent notice of intent to dismiss Bryant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Bryant filed a timely response to the Rule 907 notice and, on June 25, 2019, the PCRA court dismissed Bryant's petition without a hearing. This timely appealed followed on July 9, 2019. Both Bryant and the PCRA court have complied with Pa.R.A.P. 1925.

Bryant raises the following issues for our review:

---

[4] 18 Pa.C.S.A. § 6301.

[5] 18 Pa.C.S.A. § 3126(a)(7).

1. Whether the PCRA court erred in not finding trial counsel ineffective for failing to object to the violation of the Confrontation Clause?

2. Whether the PCRA court erred in not finding trial counsel ineffective for failing to preserve the argument that the court interfered with the right to show bias and prejudice on the part of [the victim's] mother?

3. Whether the PCRA court erred when it did not grant an evidentiary hearing on all issues of ineffective assistance of counsel presented in the PCRA petition?

4. Whether the PCRA court erred in not finding that the conviction was obtained and sentence imposed in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States?

5. Whether the conviction was obtained and sentence imposed in violation of a statute that was not in effect on the date of the alleged crime?

Appellant's Brief, at 2.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), [] (citing *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)); Pa.R.Crim.P. 907(2). A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citation omitted).

*Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). *See Commonwealth v. Clark*, 961 A.2d 80, 85 (Pa. 2008) (where PCRA petition does not raise genuine issue of material fact, reviewing court is not required to hold evidentiary hearing on petition); *Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002) (right to hearing is not absolute; PCRA court may deny petition without hearing if it determines claims raised are without merit). *See also* Pa.R.Crim.P. 907(1).

Where the PCRA court concludes that a petition does not raise any genuine issues of material fact, and dismisses it without a hearing, we review for an abuse of discretion. *Commonwealth v. Simpson*, 66 A.3d 253, 260–61 (Pa. 2013) (citing *Commonwealth v. Collins*, 888 A.2d 564, 579 (Pa. 2005)).

An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill[-]will or partiality, as shown by the evidence of record. Furthermore, if in reaching a conclusion the trial court [overrides] or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

***Commonwealth v. Thompson***, 106 A.3d 742, 754 (Pa. Super. 2014) (internal citations and quotation marks omitted). After our independent review of the record, we find no abuse of discretion.

Bryant first claims trial counsel was ineffective for failing to raise a Confrontation Clause objection to the admission of the victim's hospital records and the testimony of the Commonwealth's expert, Philip V. Scribano, D.O., who was not the examining physician, but testified with respect to the victim's records. Doctor Scribano, the attending physician of the Center for Child Protection and Health at Children's Hospital of Philadelphia (CHOP), reviewed the victim's February 25, 2004 emergency department medical record from CHOP. He testified that in his opinion, the examination findings, which were non-specific and based on the chief complaint of genital irritation, were consistent with sexual abuse. N.T. Jury Trial, 1/29/15, at 63. As Dr. Scribano explained, the majority of sexual abuse cases show little trauma because most are not brought in within 72 hours, and the mucus membrane of the vaginal area heals quickly. ***Id.*** at 51-72. Bryant argues that since Dr. Scribano did not examine the victim, his testimony with respect to the victim's medical record was a violation of the Confrontation Clause of the Sixth Amendment.

In all criminal prosecutions, the accused shall enjoy "the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI. The Confrontation Clause applies to witnesses against the accused—in other words—those who bear testimony. ***See Crawford v. Washington***, 541 U.S.

36, 54, (2004) (defining testimonial statements as, *inter alia*, "ex parte in-court testimony or its functional equivalent," including affidavits "or similar pretrial statements that declarants would reasonably expect to be used prosecutorially[.]").  In order for a testimonial document to be admissible, the witness who prepared it must testify at trial, unless he or she is unavailable and the defendant had a prior opportunity for cross-examination. ***Commonwealth v. Xiong***, 630 A.2d 446 (Pa. Super. 1993) (en banc).

Here, the hospital records were not prepared for the purpose of litigation; they were made in the ordinary course as a result of the victim's emergency room visit.  ***See Commonwealth v. Brown***, 139 A.3d 208 (Pa. Super. 2016) (document is testimonial if its primary purpose is created or given under circumstances which would lead objective witness to reasonably believe that document or statement would be available for use at later trial). The hospital records were admitted under the business records exception to the hearsay rule to show the fact of the victim's hospitalization, her complaint or symptoms, and the treatment prescribed for her.   ***See*** Pa.R.E. 803(4). The records indicated that the victim was brought to the hospital for vaginal itching and painful urination, conditions her mother believed were related to the detergent she used to wash clothes.  N.T. Jury Trial, ***supra*** at 54-55.  The examination was normal, and it was neither proof of sexual assault nor the absence of sexual assault.  ***Id.*** at 63 ("The most common examination finding in a child of sexual assault is a normal examination or non-specific examination with irritation.  So this would be consistent.").   Because the

records were for the primary purpose of treatment, they were not testimonial. *See Commonwealth v. Hemingway*, 118, 534 A.2d 1104, 1107 (Pa. Super. 1987); *see also Xiong*, *supra* (notation in physician's report that victim had "no hymen" was factual assertion rather than diagnosis or opinion for purposes of Uniform Business Records as Evidence Act, 42 Pa.C.S.A. § 6108).

We conclude that Bryant's claim is meritless. Counsel, therefore, was not ineffective for failing to raise a Confrontation Clause objection. *See Commonwealth v. Tilley*, 780 A.2d 649 (Pa. 2001) (counsel will not be deemed ineffective for failing to raise meritless claim).

Next, Bryant claims counsel was ineffective for failing to preserve the argument that the trial court interfered with his right to show bias and prejudice on the part of the victim's mother by limiting cross-examination with respect to an unrelated criminal incident involving the arrests of the victim's father and Bryant in 2011.[6] This claim, too, is meritless.

The scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion. *Commonwealth v. Hitcho*, 123 A.3d 731, 769 (Pa. 2015). "When a trial court determines the scope of cross-examination, it may consider whether the matter is collateral, the cross-examination would be likely to confuse or mislead the jury, and the cross-examination would waste time."

---

[6] On direct appeal, this Court found Bryant's claim that the court erred in limiting cross-examination waived because counsel did not provide an offer of proof in accordance with Pa.R.E. 103(a). *See Commonwealth v. Bryant*, 2226 EDA 2015 (Pa. Super. filed Nov. 7, 2016) (unpublished memorandum).

*Commonwealth v. Largaespada*, 184 A.3d 1002, 1009 (Pa. Super. 2018),

citing *Commonwealth v. Brinton*, 418 A.2d 734, 736 (Pa. Super. 1980).

*See also Commonwealth v. Tighe*, 184 A.3d 560, 571 (Pa. Super. 2018

(scope and limits of cross-examination are within sound discretion of trial

court).

During cross-examination of the victim's mother, the following exchange

took place:

> DEFENSE ATTORNEY: [] Would you agree with me that there was a time period that my client, Richard Bryant, was friendly with [the victim's father]?
>
> MOTHER: They grew up together, basically. Yeah.
>
> DEFENSE ATTORNEY: So [they] were friendly; is that correct?
>
> MOTHER: Correct.
>
> DEFENSE ATTORNEY: And would you agree with me that there was a period when that friendship ended?
>
> DISTRICT ATTORNEY: Objection.
>
> THE COURT: Sustained.
>
> DEFENSE ATTORNEY: Well, ma'am, do you agree with me that right now as we sit here today, that Mr. Bryant is not on good or friendly terms with [the victim's father]?
>
> DISTRICT ATTORNEY: Objection.
>
> THE COURT: Overruled.
>
> MOTHER: He violated his daughter so, no, there are no good terms between him and [Bryant].
>
> DEFENSE ATTORNEY: Well, isn't it true that the relationship between [Bryant] and [the victim's] father ended before 2012 when these accusations surfaced?

MOTHER:  I believe it ended in—I think it was 2012.  I'm not sure the exact year.

DEFENSE ATTORNEY: Well, would you agree with me that there was actually a problem between [Bryant] and [the victim's] father before these allegations surfaced?

N.T. Jury Trial, 2/2/15, at 21-23.  At that point, the Commonwealth objected and the court sustained the objection.  At sidebar, defense counsel explained her intention was to reveal that the victim's mother had a motive to fabricate the charges against Bryant.  The court allowed the cross-examination to continue, but it took a different turn, this time grounded in a dispute between Bryant and the victim's brother.  Defense counsel then withdrew that line of questioning and changed topics before ending her cross-examination of the victim's mother.  *See id.* at 23–24.  What defense counsel was attempting to elicit was the fact that Bryant and the victim's father had been arrested in 2011 regarding marijuana sales, that a dispute arose between them regarding that criminal incident, and that this supported the argument that the victim's mother had a motive to fabricate the charges against Bryant.

We find no abuse of discretion in the court's limiting cross-examination on collateral issues.  The questioning was confusing for the court, let alone the jury.  *See* N.T. Jury Trial, 2/2/15, at 172-77 ("THE COURT:  Well, it doesn't make sense[;] Counsel, we're not going to throw out a bunch of red herrings here just to—. . .  You've got to, at least make sense on both sides.").  *See* *Hitcho*, *supra*; *Tighe*, *supra*.  Moreover, the court permitted defense counsel to explore any potential for motive to fabricate, including allowing

testimony that the victim's mother and Bryant's girlfriend had a tumultuous relationship (N.T. Jury Trial, 2/2/15, at 15-17; 2/3/15, at 11-12); that Bryant and the victim's father were "not on good or friendly terms" (N.T. Jury Trial, 2/2/15, at 22-23); and, according to Bryant, that the friendship between him and the victim's father had ended in 2011.). Because this claim is meritless, trial counsel cannot be deemed ineffective. **Tilley**, **supra**.

Next, Bryant claims the PCRA court erred when it did not grant an evidentiary hearing on his claims of ineffective assistance of counsel. Bryant's argument consists of two sentences: essentially, the PCRA court "does not have to hold an evidentiary hearing in every case. Even so, the PCRA [c]ourt should[.]" Appellant's Brief, at 24. This claim is waived. **See** Pa.R.A.P. 2119(a); **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.") (citations omitted). As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." **Id.** (citation omitted). Even if we were to address this claim, we would find it meritless. Bryant has failed to establish that there are genuine issues of material fact. A hearing, therefore, would serve no purpose. **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011).

Next, Bryant argues the prosecutor engaged in misconduct during direct examination of the victim's mother and during closing argument, and

therefore his conviction and sentence violated his constitutional right to due process under the Fourteenth Amendment. This claim is waived. An issue that the petitioner could have raised "before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding[,]" but failed to raise, is waived under the PCRA. *See* 42 Pa.C.S.A. § 9544(b).

Finally, Bryant claims that his conviction of rape of a child, 18 Pa.C.S.A. § 3121(c), was obtained in violation of the ex post facto clauses of the state and federal constitutions. This claim, too, is waived. *See* 42 Pa.C.S.A. § 9544(b).[7]

Having considered the record in the light most favorable to the Commonwealth as the prevailing party, we conclude that the evidence of record supports the conclusions of the PCRA court and that its ruling is free of legal error. Bryant did not present in his petition, or in his response to the Commonwealth's motion to dismiss, any issue of fact, which, if resolved in his favor, would justify relief. Thus, the PCRA court did not err in denying the petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907(1); ***Simpson***, ***supra*** at 260–261.

Order affirmed.

---

[7] To the extent that Bryant would claim this is a question of legality of sentence, we point out that section 3121(c) neither criminalized new behavior *nor increased the penalty to which Bryant was subject*. Though the statute was amended in between the time of commission and the time of sentence, *see* 18 Pa.C.S.A. § 3121(a)6) (amended February 7, 2003), both versions of the statute prohibit sexual intercourse with a child under thirteen years of age and both versions designated that crime as a felony of the first degree.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/5/20</u>